[Cite as *April Ents., Inc. v. Estate of McCabe* , 2011-Ohio-3271.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

APRIL ENTERPRISES, INC., dba  :
THE WALNUT CREEK NURSING :      Appellate Case No. 24065
CENTER                 :
                     :      Trial Court Case No. 09-CV-5126

     Plaintiff-Appellee    :
                     :
v.                    :      (Civil Appeal from
                     :       Common Pleas Court)

THE ESTATE OF MARY McCABE and  :
MAUREEN McCABE          :
                     :
     Defendant-Appellant    :
                     :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . . . .

STEVEN C. KATCHMAN, Atty. Reg. #0042090, 137 North Main Street, Suite 610, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

MAUREEN McCABE, 7406 Cheshire Road, Dayton, Ohio 45459
      Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   This is an appeal from a default judgment rendered against Maureen McCabe, in the amount of $18,488.48, plus interest and costs. We conclude that the trial court erred by rendering default judgment against McCabe, who had entered an appearance in the action,

without first having accorded her at least seven days notice and an opportunity to be heard, as required by Civ. R. 55(A). Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings, in accordance with this opinion.

I

{¶ 2} April Enterprises, Inc., dba the Walnut Center Creek Nursing Center, the plaintiff-appellee, brought this action against Mary McCabe, a resident of the Center, and her daughter, Maureen McCabe, the defendant-appellant. The action sounded in breach of a contract for the care of Mary McCabe.

{¶ 3} The contract upon which this action is predicated is attached to the complaint. The contract recites that it is between the Center and the resident, Mary McCabe, "or, if applicable, Resident's Authorized Representative *for and on behalf of Resident*: NAME: Maureen McCabe." (Underlining in original, italics added.) The contract concludes with:

{¶ 4} "IN WITNESS WHEREOF, the Resident of [sic] the Authorized Representative, and The Walnut Creek Nursing Center have caused this Agreement to be daily [sic] executed as of the day and year first above written."

{¶ 5} Below this, a signature on behalf of the Center appears; the signature line for the Resident is blank; and Maureen McCabe's signature appears directly beneath the words: "AUTHORIZED REPRESENTATIVE."

{¶ 6} There is nothing in the contract attached to the complaint to indicate that Maureen McCabe signed it, or otherwise agreed to it, in any capacity other than as a representative of her mother, Mary McCabe. Paragraph 4.01, entitled: "RESPONSIBILITY

FOR PAYMENT," provides that charges not covered by public benefits "shall be paid by the Resident from the Resident's assets or from any funds held by the Resident's Authorized Representative as fiduciary for the Resident."

**{¶ 7}** Maureen McCabe, pro se, filed an answer to the Center's complaint.

**{¶ 8}** Mary McCabe having died, the Center moved for leave to file an amended complaint. Leave was given, and the Center filed an amended complaint, essentially substituting Mary McCabe's estate as a defendant in place of the late Mary McCabe. The same contract was attached as an exhibit to the amended complaint.

**{¶ 9}** Despite the fact that Maureen McCabe would appear to have no individual liability on the contract, the amended complaint sought judgment against both Maureen McCabe and her mother's estate in the amount of $18,488.48, plus interest and costs. Neither Maureen McCabe nor her mother's estate filed a responsive pleading to the amended complaint.

**{¶ 10}** On May 4, 2010, the Center filed a motion for default judgment. The next day, the trial court rendered default judgment against both Maureen McCabe and her mother's estate, in the amount of $18,488.48, plus interest and costs.

**{¶ 11}** From the default judgment rendered against her, Maureen McCabe appeals. Her mother's estate has not appealed.

II

**{¶ 12}** Maureen McCabe filed a pro se brief, which consists of an account of the efforts she has made to secure funds from various sources to pay her mother's charges,

together with an assertion that the Center did not use due diligence in seeking to secure payment of its charges from other sources.

{¶ 13} Upon review of the record, we noticed that Maureen McCabe did appear in this action when she answered the original complaint, and that default judgment was taken against her  without seven days notice and an opportunity to be heard, which Civ. R. 55(A) requires before a default judgment may be taken against a party who has appeared in the action.  We gave both parties an opportunity to file supplemental briefs addressing the issue of whether the trial court erred by rendering default judgment against Maureen McCabe without notice and an opportunity to be heard.

{¶ 14} In its supplemental brief, the Center acknowledges that default judgment was rendered against Maureen McCabe without compliance with Civ. R. 55(A), notes that Maureen McCabe is still in default of answer to the amended complaint,[1] and asks this court, if it were to remand this cause, to limit the scope of the remand to a hearing on the motion for default judgment.   We agree that the merits of the underlying action are not before us.

{¶ 15} The trial court erred when it rendered default judgment without the notice and hearing required by Civ. R. 55(A).  Accordingly, the judgment of the trial court against Maureen McCabe is Reversed, and this cause is Remanded for consideration of the Center's motion for default judgment against Maureen McCabe.  The default judgment taken against the Estate of Mary McCabe is not within the scope of this appeal, is not affected by our

---

[1]We can only speculate as to why Maureen McCabe did not respond to the amended complaint.    Perhaps McCabe, who has appeared pro se in both the trial and appellate courts, thought that because her position in the action had not been changed by the amendment of the complaint, there was no need for her to file another answer.    Her reasons, or lack thereof, for having failed to file an answer to the amended complaint, and whether her reasons, if any, militate against the rendering of a default judgment against her, will be for the trial court to determine.

judgment in this appeal, and remains intact.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Steven C. Katchman
Maureen McCabe
Hon. Barbara P. Gorman